## Case No. 5,273.

GAUGHRAN v. ONE HUNDRED AND FIFTY-ONE TONS OF COAL.

[39 Hunt, Mer. Mag. 75.]

District Court, S. D. New York. 1858.[1]

ADMIRALTY—LIEN FOR FREIGHT—ADVANCES.

[1. Admiralty has jurisdiction of a libel for freight on goods transported over navigable tide waters lying between two states.]

[2. For transporting goods landwise after voyage completed, not expressly contracted for in the shipping contract, there is no lien in admiralty.]

[3. The lien in admiralty for freight on cargo shipped in bulk is not lost by delivering the same at the consignee's place of business on land.]

[4. On a libel for freight on coal, compensation for carting it to consignee's coal yard, for which there is no lien in admiralty, may be charged against advances made.]

In admiralty.

Before BETTS, District Judge.

This was a libel to recover freight upon the coal brought by the libelant [John Gaughran]

---

[3] [From 12 Am. Law Reg. (N. S.) 569.]

[1] [Affirmed in Case No. 10,520.]

from Schuylkill Haven to this port for $1.85 per ton. The libelant alleges that he brought the coal to this port and carted it to the claimant's place of business, for which he also claims compensation. The claimant sets up drafts paid by him, on account of the freight, to the amount of $169, denies any indebtedness, and alleges that, by delivery, the libelant has lost his lien.

HELD BY THE COURT. That, the route necessarily including navigable waters lying between two states, and waters subject to the ebb and flow of tide, the locus is now within the jurisdiction of the court. Such actions have been sustained in this court by its familiar practice for years. That the libelant did not lose his lien by delivering the coal to the claimant in his coal yard on land. But as the bill of lading does not undertake to deliver the cargo in bulk at any specific place, it will not be implied that the owner was bound to transport it landwise across the city, or to any place of deposit from the ship, and there may be, at least, doubt whether that service, if expressly contracted for, would come within the protection of the lien, or can in any form become a ground for a maritime action; and the court will not allow the libelant to recover his charges for carting the coal from the vessel to the yard. Decree for libelant, with a reference to ascertain and report the amount due after deducting previous payments. But the price of cartage may be charged against advances made to the libelant, if clear proof is given by him that the cartage was done or paid for at the instance of the defendants.

[On appeal to the circuit court, the decree of the district court was affirmed. Case No. 10,520.]